09-1673-cr
USA v. DeJesus-Conception (Vallejo)

UNITED STATES COURT OF APPEAL

FOR THE SECOND CIRCUIT

August Term, 2009

(Submitted: March 8, 2010      Decided: June 11, 2010)

Docket No. 09-1673-cr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,
        Appellee,

        v.

ANGEL DEJESUS-CONCEPCION, JUAN FRANCISCO GUERRA-PENA, ADRIAN GONZALEZ-RUELAS, FRANCES SANTOS,
        Defendants,

JULIO VALLEJO,
        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:  WINTER, CABRANES, RAGGI, Circuit Judges.

    Appeal from the April 15, 2009 judgment of the United States District Court for the Southern District of New York (George B. Daniels, Judge) sentencing Julio Vallejo to 144 months imprisonment.  Because we find that the court did not misapply Section 4A1.2(c)(1) of the United States Sentencing Guidelines, we affirm the sentence.

Laurie S. Hershey, Manhasset, New York, for Appellant.

Preet Bharara, United States Attorney for the Southern District of New York (Howard S. Master and Katherine Polk Failla, Assistant United States Attorneys, of counsel), New York, New York, for Appellee.

PER CURIUM:

Julio Vallejo appeals from the sentence of 144 months imprisonment imposed by Judge Daniels. He argues that the district court misapplied Section 4A1.2(c)(1) of the United States Sentencing Guidelines when it included in its criminal history calculation Vallejo's New York state convictions for unauthorized use of a vehicle in the third degree.

Section 4A1.2(c)(1) provides that a court may not consider prior sentences for certain listed offenses and "offenses similar to them" in calculating a defendant's criminal history unless "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days" or "the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1). Because the parties agree that neither of Vallejo's sentences for unauthorized use of a vehicle satisfy the quoted preconditions, the only question is whether unauthorized use of a vehicle in New York is an offense "similar to" the listed offense of "[c]areless or reckless driving" under Section 4A1.2(c)(1). See U.S.S.G. § 4A1.2(c)(1).

In applying Section 4A1.2(c)(1), "'[t]he goal of the inquiry is to determine whether the unlisted offense under scrutiny is "categorically more serious" than the Listed Offenses to which it is being compared.'" United States v. Morales, 239 F.3d 113, 118 (2d Cir. 2000) (quoting United States v. Martinez-Santos, 184 F.3d 196, 206 (2d Cir. 1999)). "Although 'categorically' might be misunderstood to mean that the unlisted offense is within a

2

category that is more serious than the Listed Offenses, we . . . use[] the adverb in its ordinary sense to mean 'without qualification or reservation.'" Id. at 118 n.5. (quoting Webster's Third New International Dictionary (1993) ("categorically")).  A district court may consider multiple factors in making its determination, including:  "[1] a comparison of punishments imposed for the listed and unlisted offenses, [2] the perceived seriousness of the offense as indicated by the level of punishment, [3] the elements of the offense, [4] the level of culpability involved, and [5] the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct."  Martinez-Santos, 184 F.3d at 200, 206 (quoting United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991).  It may also consider any other relevant factor, including "the actual conduct involved and the actual penalty imposed."  United States v. Sanders, 205 F.3d 549, 553 (2d Cir. 2000) (per curiam).

We ordinarily review a district court's seriousness determination de novo.  See Martinez-Santos, 184 F.3d at 198. But where the unlisted offense encompasses a wide range of conduct and thus the inquiry will necessarily focus on the particular conduct of the defendant, we give "due deference" to a court's application of the Guidelines to the facts.  See Morales, 239 F.3d at 118.

Vallejo has waived any objection to the district court's assessment of a criminal history point for his 2001 conviction.

3

At an evidentiary hearing to determine whether unauthorized use was "similar to" the offenses enumerated in Section 4A1.2(c)(1), Vallejo not only declined to contest the government's factual assertions about the conduct underlying the conviction, but expressly acknowledged that such conduct warranted the assessment of a criminal history point for the 2001 conviction. Vallejo has thus knowingly and intentionally waived any argument on appeal that Section 4A1.2(c)(1) prevented the court from assessing a criminal history point for the 2001 unauthorized use conviction. See United States v. Jackson, 346 F.3d 22, 24 (2d Cir. 2003) ("Where . . . a claim has been waived through explicit abandonment, rather than forfeited through failure to object, plain error review is not available.").

Moreover, because the conduct underlying the 1997 conviction is indistinguishable from the conduct underlying the 2001 conviction for the same offense, Vallejo has waived any objection to the assessment of a criminal history point for the 1997 conviction. Vallejo admitted that the 2001 conviction arose out of his attempt to strip parts from a stolen car, and there is ample evidence to support the district court's finding that the 1997 conviction for the same offense arose out of Vallejo's attempt to strip another stolen car of its parts. Because there is no material difference between the two convictions and because Vallejo has already admitted that the 2001 conviction warranted a criminal history point, Vallejo cannot argue that the court erred in reaching the same result with respect to the 1997 conviction.

4

In any event, the district court did not err in determining that Vallejo's convictions for unauthorized use of a vehicle were categorically more serious than careless or reckless driving. Unauthorized use is a Class A misdemeanor under New York law and carries a maximum sentence of up to one year imprisonment for a first offense. See N.Y. Penal Law §§ 165.05, 70.15(1). Reckless driving, by contrast, is a misdemeanor and carries with it a maximum sentence of only thirty days imprisonment for a first offense. N.Y. Veh. & Traf. Law §§ 1212, 1801. In addition, the state must prove a higher degree of moral culpability to secure an authorized use conviction than to secure a reckless driving conviction. As to the former, the state must prove that a defendant at least knew that he lacked a vehicle owner's consent at the time he exercised control over a vehicle. See N.Y. Penal Law § 165.05. Whereas to secure conviction for the latter, it need show only that a defendant used a vehicle "in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway." N.Y. Veh. & Traf. Law § 1212. Finally, the actual conduct underlying Vallejo's unauthorized use convictions confirms the district court's conclusion that those convictions were for offenses categorically more serious than the offense of careless or reckless driving. As noted, the record clearly shows that both convictions arose out of Vallejo's attempt to scrap parts from a stolen vehicle.

Vallejo argues that unauthorized use of a vehicle is

5

actually a less serious offense because it does not inherently involve the same serious risks of physical danger as reckless driving. We disagree. First, the unauthorized use of a vehicle is a "trespassory" offense and as such, it poses a serious risk of head-to-head confrontations with owners, police and bystanders. See United States v. Ubiera, 486 F.3d 71, 76 (2d Cir. 2007). Second, as the multifactored nature of the relevant inquiry makes clear, the "seriousness" of the offense is not measured merely by looking at the degree of physical danger posed. Rather, an assessment of an offense's seriousness should consider the degree of moral culpability required to obtain a conviction, how the state perceives the offense's seriousness, as well as other societal costs associated with it. See id. at 74, 76; see also United States v. Caputo, 978 F.2d 972, 977-78 (7th Cir. 1992); United States v. Hardeman, 933 F.2d 278, 281-3 (5th Cir. 1991). Giving due deference to the district court's application of Section 4A1.2(c)(1) to the facts, we cannot say that the court erred.

                          CONCLUSION

     We therefore affirm.