11-2045-cr
United States v. Campos-Rodriguez

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of April, two thousand twelve.

**PRESENT:**
>       **DENNIS JACOBS,**
>           **Chief Judge,**
>       **ROSEMARY S. POOLER,**
>       **SUSAN L. CARNEY,**
>           **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - -X

**United States,**
>       **Appellee,**

>       **-v.-**                                    **11-2045-cr**

**Luis Campos-Rodriguez,**
>       **Defendant-Appellant.**[*]
- - - - - - - - - - - - - - - - - - - -X

**FOR DEFENDANT-APPELLANT:**        Colleen P. Cassidy, Federal
                                    Defenders of New York, Inc., New
                                    York, NY.

**FOR APPELLEE:**                   David C. James and Allon
                                    Lifshitz, Assistant United
                                    States Attorneys, <u>for</u> Loretta E.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant-Appellant Luis Campos-Rodriguez was principally sentenced to 24 months' incarceration after pleading guilty to illegal re-entry into this country after deportation for a felony. 8 U.S.C. § 1326(a), (b)(1). In his plea agreement, Campos-Rodriguez waived his right to appeal any sentence of 16 months or less. He now appeals the length of his sentence. We assume the parties' familiarity with the underlying factual allegations, the procedural history of the case, and the issues on appeal.

Campos-Rodriguez argues that the district court overstated his criminal history category. His argument focuses on a single added point based on a Wisconsin conviction for criminal destruction of private property. <u>See</u> Wis. Stat. § 943.01(1). He argues that (1) the prosecution failed to sufficiently establish that he was

convicted of criminal destruction of private property, see United States v. Irving, 554 F.3d 64, 72 (2d Cir. 2009) (requiring proof of facts relevant to sentencing by a preponderance of the evidence), and (2) criminal destruction of private property is "similar to" disorderly conduct and therefore uncountable under the rules for calculating a defendant's criminal history, U.S.S.G. § 4A1.2(c)(1).

**[1]** The government adduced a printout from the online Wisconsin Circuit Court Access System indicating that Campos-Rodriguez pleaded guilty to misdemeanors for disorderly conduct and destruction of property. The United States Probation Department in the Western District of Wisconsin so confirmed in writing.

Significantly, Campos-Rodriguez does not deny that he was convicted of those misdemeanors. Instead, he argues that the government cannot satisfy its burden without providing a certified copy of the convictions. The government is not obligated to do so. See, e.g., United States v. Townley, 472 F.3d 1267, 1277 (10th Cir. 2007) ("evidence derived from the National Crime Information Center . . . database" and written confirmation by Probation Department); United States v. Marin-Cuevas, 147 F.3d 889, 894-95 (9th Cir. 1998) (pre-sentence report statement based on computerized printout). Given the government's evidence

3

and Campos-Rodriguez's failure to deny the convictions, the district court's finding is supported by the preponderance of the evidence.

**[2]** Campos-Rodriguez failed to argue in the district court that criminal destruction of private property is "similar to" disorderly conduct and therefore uncountable under the rules for calculating a defendant's criminal history. U.S.S.G. § 4A1.2(c)(1). Arguments raised for the first time on appeal are reviewed for plain error. See United States v. Folkes, 622 F.3d 152, 156 (2d Cir. 2010) (per curiam). "Plain error is (1) error (2) that is plain and (3) affects substantial rights." Id. If those three conditions are satisfied, "'an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Thomas, 274 F.3d 655, 667 (2d Cir. 2001) (en banc) (alteration in the original) (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)). A court will typically not find that an error is plain "[w]ithout a prior decision from this court or the Supreme Court mandating" a particular result. United States v. Weintraub, 273 F.3d 139, 152 (2d Cir. 2001).

4

In determining whether the crime of conviction is "similar to" disorderly conduct (or other crimes enumerated in U.S.S.G. § 4A1.2(c)), "'the goal of the inquiry is to determine whether the unlisted offense under scrutiny is categorically more serious than the Listed Offenses to which it is being compared.'" United States v. DeJesus-Concepcion, 607 F.3d 303, 304 (2d Cir. 2010) (per curiam) (brackets omitted) (quoting United States v. Morales, 239 F.3d 113, 118 (2d Cir. 2000)). "'Although "categorically" might be misunderstood to mean that the unlisted offense is within a category that is more serious than the Listed Offenses, we . . . use the adverb in its ordinary sense to mean "without qualification or reservation."'" Id. at 305 (omission in original) (brackets omitted) (quoting Morales, 239 F.3d at 118 n.5). In determining whether the unlisted offense is categorically more serious than the listed offense, a sentencing court

> may consider multiple factors . . . , including: "[1] a comparison of punishments imposed for the listed and unlisted offenses, [2] the perceived seriousness of the offense as indicated by the level of punishment, [3] the elements of the offense, [4] the level of culpability involved, and [5] the degree to which the

5

commission of the offense indicates a likelihood of recurring criminal conduct."

Id. (brackets in original) (quoting United States v. Martinez-Santos, 184 F.3d 196, 206 (2d Cir. 1999)).  In addition, a sentencing court "may also consider any other relevant factor, including 'the actual conduct involved and the actual penalty imposed.'"  Id. (quoting United States v. Sanders, 205 F.3d 549, 553 (2d Cir. 2000) (per curiam)).

One consideration is that criminal destruction of property carries a greater sentence than disorderly conduct. Compare Wis. Stat. § 943.01(1), and Wis. Stat. § 939.51(3)(a) (providing that criminal destruction of property is a Class A misdemeanor punishable by a fine not to exceed $10,000 or imprisonment not to exceed 9 months, or both), with Wis. Stat. § 947.01(1), and Wis. Stat. § 939.51(3)(b) (providing that disorderly conduct is a Class B misdemeanor punishable by a fine not to exceed $1,000 or imprisonment not to exceed 90 days, or both).

A second relevant consideration is the relative level of culpability ("i.e., the 'degree of moral guilt,'" United States v. Ubiera, 486 F.3d 71, 75 (2d Cir. 2007) (quoting Morales, 239 F.3d at 119)).  Culpability is greater for criminal destruction of private property because it requires

6

*intentional*, physical damage to property.  Bere v. State, 251 N.W.2d 814, 819 (Wis. 1977).

Although other factors may point in favor of Campos-Rodriguez, the above demonstrates that any error by the district court was not plain, especially in light of the absence of prior authority from this Court or the Supreme Court addressing this matter.  See Weintraub, 273 F.3d at 152.

In any event, on these facts, Campos-Rodrigeuz cannot show any "error seriously affect[ing] the fairness, integrity, or public reputation of [the] judicial proceedings."  Thomas, 274 F.3d at 667 (internal quotation mark omitted).

We have considered all of Campos-Rodriguez's additional arguments and find them to be without merit.  Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk