11-3512-cr
United States v. Templar

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON
                     *Circuit Judges*,
             BRIAN M. COGAN,[*]
                     *District Judge*.

───────────────────────────────────────────

UNITED STATES OF AMERICA,

                         *Appellee*,

           -v.-                                          11-3512-cr

WILLIAM TEMPLAR,

                         *Defendant-Appellant*.

───────────────────────────────────────────

Appearing for Appellant:     Melissa A. Tuohey, Assistant Federal Public Defender (Lisa Peebles, Acting Federal Public Defender, James Egan, Research & Writing Attorney, *on the brief*), Syracuse, N.Y.

Appearing for Appellee:      Elizabeth S. Riker, Assistant United States Attorney (Richard S. Hartunian, United States Attorney for the Northern District of New York, Edward R. Broton, Assistant United States Attorney, *on the brief*), Syracuse, N.Y.

───────────────

[*] The Honorable Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

On April 11, 2011, defendant-appellant William Templar pleaded guilty to two counts of making a false statement to a federal agent in violation of 18 U.S.C. § 1001. On August 15, 2011, the district court sentenced Templar principally to a thirty-six-month term of imprisonment. Templar now appeals that sentence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Templar first argues that his sentence was procedurally unreasonable because Templar's two prior convictions against minors did not provide a proper basis for the court's imposition of the "vulnerable victim" upward departure under Application Note 4 of Guideline 3A1.1 of the United States Sentencing Guidelines. The merits of this contention are not properly before us, however, because Templar conceded to the district court that the two prior convictions justified application of the departure. Templar argues that we should review this issue under the plain error standard, which applies when an objection was forfeited before the district court. As the government argues, however, this issue was not *forfeited* through a failure to object, but was "*waived* through explicit abandonment." *United States v. Jackson*, 346 F.3d 22, 24 (2d Cir. 2003) (emphasis added). Thus, "plain error review is not available." *Id.*; *accord United States v. DeJesus-Concepcion*, 607 F.3d 303, 305 (2d Cir. 2010) (concluding that the defendant had waived appellate review of the district court's addition of a criminal history point for a prior conviction because he had "expressly acknowledged" to the district court that the prior conviction was a proper basis for the additional criminal history point).

Next, Templar argues that his sentence was substantively unreasonable. We review a district court's substantive sentencing determination deferentially for abuse of discretion: we consider "the totality of the circumstances," *Gall v. United States*, 552 U.S. 38, 51 (2007), and set aside that determination "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

Templar argues that the sentence was substantively unreasonable because the court based the sentence on Templar's propensity to "take advantage of the young and [to] take advantage of the old," but failed to consider that there was a twenty-year gap between Templar's earlier crimes and the instant offense. The district court did not abuse its discretion by failing to consider the twenty-year gap as a mitigating factor because Templar was incarcerated for much of that twenty-year period and committed the instant offense not long after his release.

Templar next argues that the sentence was substantively unreasonable because the "offense merely involved general denials of wrongdoing" and did not mislead the postal inspector, who had already completed the investigation at the time he interviewed Templar. Although Templar is correct that the agent who interviewed him suggested that the investigation was near completion when the inspector interviewed Templar, the record supports the district court's finding that Templar had told specific falsehoods rather than general denials.

2

Thus, Templar's two arguments of substantive unreasonableness are unavailing, and we conclude that the sentence was not substantively unreasonable.  We have considered all of Templar's arguments and reject them as meritless.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk