# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued January 15, 2013          Decided May 17, 2013

No. 11-3040

UNITED STATES OF AMERICA,
APPELLEE

v.

JOSEPH A. LASLIE, ALSO KNOWN AS JOSEPH LASLIE,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cr-00057-1)

*Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Neil H. Jaffee*, Assistant Federal Public Defender, entered an appearance.

*David C. Rybicki*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman* and *David B. Kent*, Assistant U.S. Attorneys.

Before: HENDERSON, BROWN and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: Joseph Laslie pled guilty to crossing state lines to have sex with a minor. He appeals his sentence, arguing that the district court erred when it applied a sentencing enhancement based on his use of a computer to facilitate his crime. We hold that Laslie waived this challenge. He stipulated to the enhancement in his plea agreement and raised no objection to its inclusion in the district court's calculation of his sentence. Therefore, we affirm the sentence imposed by the district court.

I

On January 14, 2010, an undercover Metropolitan Police Department detective dangled the following bait in an Internet chat room frequented by pedophiles: "Virginia dc md area incest 39 perv male into no limit fun anyone in the area." The detective received a response the next day: "Hey . . . I am a 41 yr old straight male in VA . . . message me maybe we can share some stories and ideas." The response came from an individual with the Yahoo! Messenger screen name "joefburg." This, it turned out, was Laslie, a forty-one year-old man living in Fredericksburg, Virginia.

Over the next week and a half, Laslie and the detective exchanged numerous messages through Yahoo! Messenger. The detective claimed that he was sexually active with his girlfriend's daughters, aged eleven and thirteen. The girlfriend and the daughters were, of course, fictitious. After Laslie recounted a story about sexually abusing a seven year-old girl a decade before, the detective suggested that he could arrange for Laslie to have sex with the eleven year-old. Laslie responded enthusiastically. During chats on January 19 and 25, Laslie and the detective made plans to meet at a bar in the District of Columbia. From there, they planned to go to the detective's apartment, where Laslie would have sex with the child. On

January 26, Laslie called the detective to confirm, then took the Metrorail from suburban Virginia into the District. The police arrested Laslie when he arrived at the bar. He promptly admitted that he was "joefburg."

On March 22, 2010, Laslie pled guilty to one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). In his plea agreement, Laslie and the government stipulated to a Sentencing Guidelines base offense level of 30, subject to a four-level enhancement because his offense involved a victim under the age of twelve, U.S.S.G. § 2A3.1(b)(2)(A), an additional two-level enhancement because Laslie used a computer to commit his crime, *id.* § 2A3.1(b)(6)(B), and a three-level reduction because he accepted responsibility for his wrongdoing. *Id.* § 3E1.1. Following Laslie's guilty plea, the United States Probation Office issued a Presentence Investigation Report (PSR), which calculated Laslie's total offense level in the same manner as the parties did in the plea agreement, resulting in a recommended Guidelines range of 135 to 168 months' imprisonment.

At Laslie's sentencing hearing on April 6 and 7, 2011, his counsel argued that Laslie should be sentenced below his applicable Guidelines range, but twice acknowledged that the Guidelines calculations in the plea agreement and the PSR were correct – enhancements and all. Tr. 4/6/11, at 46-47; Tr. 4/7/11, at 23. The district court declined the invitation to depart from the Guidelines and sentenced Laslie to 135 months, at the low end of his range. *Id.*

Laslie filed a notice of appeal on April 27, 2011. We have jurisdiction under 18 U.S.C. § 3742(a).

4

II

Laslie's challenge to his sentence rests on a single argument: that the district court erred in applying the two-level enhancement because his offense did not involve the use of a computer "to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct." U.S.S.G. § 2A3.1(b)(6)(B). Laslie raises this argument for the first time on appeal; the district court had no occasion to pass on it. The question is, did Laslie forfeit the argument, or did he waive it? Laslie argues that he merely forfeited it, and thus we should review the enhancement for plain error. We decline to do so, however, because we agree with the government: Laslie *waived* his challenge.

The distinction between waiver and forfeiture is significant. "Whereas forfeiture is the failure to make a timely assertion of a right, waiver is the intentional relinquishment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). Forfeiture occurs when "silence on the part of the appealing party has prevented examination by the trial court," *In re Sealed Case*, 356 F.3d 313, 318 (D.C. Cir. 2004) (citation omitted), and our review is for plain error. FED. R. CRIM. P. 52(b). By contrast, waiver is intentional, and "extinguishes an error so that there is no review, because the defendant has knowingly and personally given up the waived right." *In re Sealed Case*, 356 F.3d at 317 (citation omitted).

Laslie did not merely fail to object to the enhancement; his decision not to challenge the enhancement was deliberate. Starting with his plea agreement and continuing through filings and arguments at his sentencing hearing, Laslie affirmed that the district court should use the enhancement in calculating his Guidelines range. His focus was elsewhere, on persuading the

court to sentence him *outside* of the Guidelines. We find Laslie's actions, described below, sufficient to constitute waiver.

At his plea hearing, Laslie told the magistrate judge presiding over the hearing that he had reviewed the plea agreement with his counsel, understood it fully, and agreed to its terms. The plea agreement included a Statement of Offense, signed by Laslie, describing how he used a computer to carry out his crime. He admitted that during online chats, he told the detective he wanted to have sex with the eleven year-old and discussed traveling to the District to do so. Laslie and the government relied upon these admissions to stipulate to offense-level adjustments, including the enhancement he now challenges.

At every subsequent turn before the sentencing court, Laslie reaffirmed that the enhancement should be applied in determining his Guidelines range. He did not object to the PSR, which applied the enhancement. His sentencing memorandum, in fact, stated that the PSR's Guidelines calculations, including the enhancement, "technically appl[ied]." Def.'s Mem. in Aid of Sentencing at 2-3, *United States v. Laslie*, Cr. No. 10-057 (D.D.C. Oct. 5, 2010). And, at the sentencing hearing, with Laslie present, his attorney twice recognized that the stipulated Guidelines calculations in the plea agreement were accurate and reliable.

Both the government and the district court relied upon Laslie's repeated affirmations. The government made no specific factual proffer to support the enhancement, beyond Laslie's Statement of Offense, and directed no argument towards its application. Understandably, the court treated the issue as resolved and made no explicit findings beyond adopting the PSR. This court does not allow parties to reopen

issues waived by stipulation at trial. Similarly, we will not review a belated challenge on an issue a party agreed not to dispute in sentencing proceedings below. *See United States v. Harrison*, 204 F.3d 236, 240 (D.C. Cir. 2000) ("Upon entering into a stipulation on an element, a defendant waives his right to put the government to its proof of that element.").

To be clear, our holding is based on *both* the stipulation in Laslie's plea agreement *and* his subsequent course of conduct in the sentencing proceedings. We need not decide whether the stipulation in Laslie's plea agreement was sufficient to constitute waiver, given his willingness to reinforce the stipulation at every turn prior to sentencing. We note that both the Seventh and Eighth Circuits would find waiver based upon the stipulation in the plea agreement alone. *See, e.g.*, *United States v. Scott*, 657 F.3d 639, 640 (7th Cir. 2011) (per curiam); *United States v. Barrett*, 173 F.3d 682, 684 (8th Cir. 1999) (holding that a defendant is barred from "challeng[ing] an application of the Guidelines to which he agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it)"). The Second Circuit would not. *See United States v. Granik*, 386 F.3d 404, 412 & n.6 (2d Cir. 2004) ("[A] stipulation in a plea agreement, although not binding, may be relied upon in finding facts relevant to sentencing."). But the Second Circuit has recognized waiver based upon defendants' conduct similar to Laslie's after he entered his plea. *See United States v. DeJesus-Concepcion*, 607 F.3d 303, 305 (2d Cir. 2010) (per curiam) (holding that the defendant waived any challenge to the assessment of a criminal history point where he "not only declined to contest" the assessment, "but expressly acknowledged" that his conduct warranted it); *United States v. Jackson*, 346 F.3d 22, 24 (2d Cir. 2003) (holding that the defendant waived his challenge to a four-level enhancement by expressly conceding that it applied to his offense).

Laslie argues that finding waiver would run afoul of this court's decision in *United States v. Accardi*. 669 F.3d 340 (D.C. Cir. 2012). In *Accardi*, the government argued that a defendant had waived his right to appeal a term of a supervised release imposed after a lengthy imprisonment because he had stated at sentencing that he would "take" lifetime supervised release in lieu of prison. *Id.* at 344. We easily found that the defendant had not waived the right of appeal; the sentence he got (one hundred months' imprisonment *plus* forty years' supervised release) was very different from the one he told the court he would accept (lifetime supervised release with no prison). *Id.* The *Accardi* court took the opportunity to discuss appellate waivers in more general terms, explaining that "[a] defendant may waive his right to appeal his sentence as part of a plea bargain only if the waiver is knowing, intelligent, and voluntary." *Id.* (internal quotation marks omitted). And we observed that "[i]n the context of a plea bargain, such a determination is *usually* made at the plea hearing, at which the court can fully explain the consequences of the waiver by informing the defendant of exactly what rights he is giving up and what rights he retains." *Id.* (emphasis added) (citation omitted).

Laslie takes *Accardi* to mean that any waiver associated with a plea *must* be made personally, on the record, and in open court. Tr. 1/15/13, at 4:1-18. But our waiver analysis has never relied on such formalities. "[A]n anticipatory waiver – that is, one made before the defendant knows what the sentence will be – is nonetheless a knowing waiver if the defendant is aware of and understands the risks involved in his decision." *In re Sealed Case*, 702 F.3d 59, 63 (D.C. Cir. 2012) (internal quotation marks omitted). We require that "the record show[] that [the defendant] knows what he is doing and his choice is made with eyes open." *United States v. Guillen*, 561 F.3d 527, 529-30 (D.C. Cir. 2009) (internal quotation marks omitted). *Cf.*

*In re Sealed Case*, 702 F.3d at 63-64 (relying on terms of written plea agreement to find waiver invalid). We declined to find waiver in *Accardi* because the defendant never, in any form, expressed a willingness to abide by a sentence of both imprisonment and supervised release. *Accardi*, 669 F.3d at 344 ("Nowhere did he indicate his willingness to accept the sentence he now challenges . . . ."). We noted that waiver is "*usually* made at the plea hearing," but we did not state that waiver would be effective *only* if it was the subject of a specific allocution at that hearing. Thus, *Accardi* does not trouble our holding: that the stipulation in Laslie's plea agreement and his subsequent affirmations constitute sufficient evidence that Laslie intentionally relinquished his challenge to the enhancement.

Unlike in *Accardi*, the record before us is unequivocal. Beginning with his plea agreement, Laslie repeatedly affirmed that his Guidelines range should be calculated with a two-level enhancement to his offense level under U.S.S.G. § 2A3.1(b)(6)(B). He therefore waived his challenge to the enhancement.

## III

For the foregoing reasons, the district court's sentence is affirmed.

*So ordered.*