**UNITED STATES of America, Appellee**

**v.**

**Michael WHITEHEAD, Appellant.**

**Nos. 13–3056, 13–3057.**

United States Court of Appeals, District of Columbia Circuit.

April 3, 2015.

Before: GARLAND, Chief Judge, and GRIFFITH and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgments of the District Court be **AFFIRMED.**

Michael Whitehead and Artie Byrd each pled guilty to one count of unlawful possession of a firearm by a felon. The District Court subsequently sentenced each defendant to a term of imprisonment. Whitehead and Byrd now challenge their sentences, arguing that the District Court erroneously calculated their criminal histories.

Neither Whitehead nor Byrd objected to the District Court's alleged errors during the sentencing proceedings. Our review is therefore for plain error. *See United States v. Laslie*, 716 F.3d 612, 614 (D.C.Cir.2013). On plain error review, each defendant must establish that the District Court committed (1) a legal error that (2) was obvious, (3) affected his substantial rights, and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Eiland*, 738 F.3d 338, 352 (D.C.Cir.2013).

Whitehead contends that the District Court, when reviewing Whitehead's history of firearm-related offenses, relied on clearly erroneous facts by referring to four prior offenses instead of three. But the District Court made no such mistake. The District Court noted Whitehead's "three gun-related offenses." Appendix, Whitehead Sentencing Tr. 9. The District Court then accurately listed those three gun-related offenses.

Byrd likewise argues that the District Court erred when summarizing his criminal history. Byrd bases this claim on a colloquy between the District Court and the prosecutor. During that colloquy, the District Court noted that Byrd "was under supervision at the time that he got caught" in this case. The Court initially suggested that Byrd was under supervision for a 2012 case. That year was mistaken, but the prosecutor then corrected the District Court, explaining that "the case that I am looking at, your Honor, is a 2010-case. It is a robbery case in Superior Court." The District Court responded, "Right. That was April of '10. That was the one he received—." And the prosecutor interjected, "Supervised release in." Appendix, Byrd Sentencing Tr. 5. In short, the prosecutor cleared up any possible confusion on the District Court's part. Nothing in the record suggests that the District Court

continued to labor under a mistaken impression at the time that it sentenced Byrd. In any event, there was certainly no "obvious" error by the District Court, as there must be to meet the plain error standard. Nor has Byrd shown that any supposed error affected the sentence he received.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.