**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4563

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MOISES ARIAS ALEJO,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
Chief District Judge.  (5:14-cr-00004-D-1)

Submitted:  March 30, 2015          Decided:  April 3, 2015

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey W. Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North
Carolina, for Appellant.   Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Shailika S. Kotiya, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Moises Arias Alejo on one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2012); two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012); one count of distribution of, and possession with intent to distribute, cocaine, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (2012); and one count of possession of a firearm by an illegal alien, and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(5), 924, and 2 (2012). Without a plea agreement, Alejo pled guilty to all five counts. The district court sentenced him to 78 months' imprisonment, the middle of the Sentencing Guidelines range. Alejo appeals his sentence.

We review Alejo's sentence for procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In determining procedural reasonableness, we consider whether the district court properly calculated Alejo's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on clearly

2

erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51.

In determining Alejo's Guidelines range, the district court adopted the calculations in the presentence investigation report ("PSR"), including a two-level increase in Alejo's offense level, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2013), for possession of a firearm. Alejo filed no objections to the PSR. To the extent that Alejo challenges the § 2D1.1(b)(1) enhancement on appeal, we conclude that he waived appellate review through his concessions in the district court that he was subject to the enhancement.

Generally, unpreserved errors in sentencing are reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). However, a defendant may waive appellate review of a sentencing error if he raises and then knowingly withdraws an objection to the error before the district court. See United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008) (finding that defendant's withdrawal of objection to upward departure precluded appellate review of departure); United States v. Rodriguez, 311 F.3d 435, 437 (1st

Cir. 2002) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue.")

An appellant is precluded from challenging a waived issue on appeal. Rodriguez, 311 F.3d at 437. Such a waiver is distinguishable "from a situation in which a party fails to make a timely assertion of a right—what courts typically call a 'forfeiture,'" id. (quoting Olano, 507 U.S. at 733), which, as noted above, may be reviewed on appeal for plain error. Olano, 507 U.S. at 733-34. "By contrast, waiver is intentional, and extinguishes an error so that there is no review, because the defendant has knowingly and personally given up the waived right." United States v. Laslie, 716 F.3d 612, 614 (D.C. Cir. 2013) (internal quotation marks and citation omitted).

Here, Alejo did not raise, and then withdraw, an objection to the § 2D1.1(b)(1) enhancement. However, he clearly was aware of the enhancement and chose not to challenge it. Prior to the issuance of the PSR, when seeking a continuance of the sentencing hearing in light of a pending Guidelines amendment, Alejo acknowledged that he would probably qualify for a sentencing enhancement for the firearm officers found in Alejo's residence.[*] After receiving the PSR in which the § 2D1.1(b)(1)

---

[*] Alejo sold cocaine from inside his home and stored cocaine on his property.

4

enhancement was applied, Alejo filed a sentencing memorandum seeking a downward variance. In his memorandum, he expressly stated that he did not challenge the Guidelines calculations in the PSR and acknowledged that there was "ample" legal authority to support the § 2D1.1(b)(1) enhancement, but he requested that the firearm not factor into the court's decision regarding the variance. At sentencing, he once again stated that he had no objections to the PSR.

Rather than pursuing a challenge to the firearm enhancement, Alejo chose to focus his efforts on gaining the benefit of a proposed Guidelines amendment and seeking a downward variance. By his repeated acknowledgement of the § 2D1.1(b)(1) enhancement and his concessions that it applied to his case, Alejo demonstrated his deliberate decision not to contest the enhancement. Under these circumstances, we conclude that he has waived appellate review of the issue. United States v. Olejiya, 754 F.3d 986, 993-94 (D.C. Cir. 2014); cf. United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir. 2010) ("When a claim of constitutional error has been waived, it is not reviewable on appeal.").

The remainder of Alejo's claims concern the substantive reasonableness of his sentence. Specifically, Alejo argues that the district erred in considering his possession of a firearm as

5

an aggravating factor and that his sentence is unreasonable when measured against the § 3553(a) factors. He contends that the court should have granted him a downward variance or, at a minimum, imposed a sentence at the bottom of the Guidelines range, because of his lack of a criminal record, the limited nature of his offense conduct, his personal history, the pending amendment to the Guidelines, and the disparity between his 78-month sentence and the 60-month sentence his supplier subsequently received for trafficking in larger quantities of cocaine.

We examine the substantive reasonableness of a sentence under "the totality of the circumstances." Gall, 552 U.S. at 51; United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014). A sentence "within or below a properly calculated Guidelines range is presumptively reasonable [on appeal]." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Alejo bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." Id. In evaluating the sentence for an abuse of discretion, "we give due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." Gall, 552 U.S. at 59-60. When reviewing for

6

substantive reasonableness, "we can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted).

The court stated that it had considered all of the § 3553(a) sentencing factors, focusing on § 3553(a)(1): the nature and circumstances of the offenses and Alejo's history and characteristics. The court noted that all five of Alejo's crimes were serious and he sold drugs on multiple occasions. The court found it "ridiculous, absurd and aggravating" that Alejo took his five-year-old son with him on one of his drug transactions, and considered Alejo's possession of a firearm to be an aggravating factor. These considerations weighed against a downward variance in the court's view. The court recognized that Alejo was raised in poverty and had, at least at times, engaged in lawful employment. However, the court also was unconvinced that Alejo was "forced into" drug trafficking; rather, the court concluded that his motivation was greed. Having considered the parties' arguments, the record, and the § 3553 factors, the court concluded that a sentence in the middle of the Guidelines range was sufficient, but not greater than necessary, to comply with the § 3553(a) sentencing goals.

Alejo fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence. The court clearly considered the § 3553(a) factors and gave a reasoned explanation for the sentence it imposed and its basis for rejecting Alejo's arguments for a lesser sentence. Rita v. United States, 551 U.S. 338, 356 (2007). The fact that he disagrees with the district court does not render the sentence substantively unreasonable. Cf. Yooho Weon, 722 F.3d at 590. Furthermore, the fact that the pending Guidelines amendment would have resulted in a lower Guidelines range does not render unreasonable the imposed sentence, given that it was based on the Guidelines in effect at the time of Alejo's sentencing.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8