**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4630**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SHABASCO DAKOTA SHINEED GRAY, a/k/a Basco,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville. Mary G. Lewis, District Judge. (6:13-cr-00620-MGL-1)

———————

Submitted: May 18, 2015           Decided: May 29, 2015

———————

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael Chesser, Aiken, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2014, Shabasco Dakota Shineed Gray entered into a written plea agreement with the Government pursuant to which he agreed to plead guilty to conspiracy to possess with intent to distribute and to distribute 280 grams or more of crack cocaine and 5 kilograms or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). This was one of six charges a federal grand jury returned against Gray in a second superseding indictment, which the Government obtained earlier that month.

The district court subsequently sentenced Gray to 136 months' imprisonment, which was in the middle of his advisory Sentencing Guidelines range,[1] and imposed a 5-year term of supervised release. On appeal, Gray's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether Gray's conviction is invalid, because the district court did not separately arraign Gray on the second superseding indictment, and whether the district court committed

---

[1] The district court, having adopted the alternate sentencing calculations set forth in the presentence report ("PSR") prepared on Gray, calculated Gray's Guidelines range at 121-151 months. This was consistent with the parties' agreement that Gray should be afforded the benefit of Amendment 782 to the U.S. Sentencing Guidelines Manual.

reversible procedural error in failing to rule on Gray's objection to a sentencing enhancement. Although advised of his right to do so, Gray has not filed a pro se supplemental brief. The Government has declined to file a response. For the reasons that follow, we affirm.

Based on the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Gray has waived any challenge he might have had based on the lack of a separate arraignment on the second superseding indictment. Specifically, at the Rule 11 hearing, counsel for Gray identified this as a potential concern, but explicitly informed the court that the Rule 11 hearing could serve as the arraignment. Gray consented to this approach. The record further establishes that all parties agreed to cancel the arraignment, which had been scheduled for later that week. We thus hold that Gray has waived appellate review of this claim. See United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue."); see also United States v. Laslie, 716 F.3d 612, 614 (D.C. Cir. 2013) ("[W]aiver is intentional, and extinguishes an error so that there is no review, because the defendant has knowingly and personally given up the waived right." (internal quotation marks omitted)).

We next consider Gray's challenge to the procedural reasonableness of his sentence. This court reviews any criminal

sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). The first step in procedural reasonableness review is to evaluate the district court's Guidelines calculations. Gall, 552 U.S. at 51. At issue here is whether the district court failed to adequately respond to Gray's objection to a two-level enhancement for possession of firearms. See USSG § 2D1.1(b)(1).

Although counsel for Gray initially objected to this enhancement, the sentencing transcript reveals that defense counsel withdrew this and the other proffered objections to the PSR. We thus conclude that the district court was not obligated to resolve this objection, pursuant to Fed. R. Crim. P. 32(i)(3)(B),[2] because the application of this provision was no

---

[2] This Rule provides that the sentencing court must either rule on "any disputed portion of the presentence report or other controverted matter . . . or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]"

longer in dispute.[3]  Accordingly, we reject Gray's claim of procedural error in the district court's sentencing process.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires counsel to inform Gray, in writing, of his right to petition the Supreme Court of the United States for further review.  If Gray requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gray.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[3]  We disagree with appellate counsel's suggestion that Gray's statement during his allocution reinvigorated the objection.