**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4435**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROSHAD ANDRE HEYWARD, a/k/a Shad, a/k/a Shod, a/k/a Harry,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Chief District Judge. (3:17-cr-00136-TLW-1)

Submitted: December 18, 2018                    Decided: December 20, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant. Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roshad Andre Heyward pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Heyward to 144 months' imprisonment, a term below the 151- to 188-month Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in applying a two-level sentencing enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2016) for possession of a firearm. Heyward was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

Generally, unpreserved sentencing errors are reviewed for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). However, a defendant may waive appellate review of a sentencing issue if he raises and then knowingly withdraws an objection to the issue before the district court. *United States v. Orsini*, 907 F.3d 115, 119 (1st Cir. 2018); *United States v. Cobb*, 842 F.3d 1213, 1222 (11th Cir. 2016).

An appellant is precluded from challenging a waived issue on appeal. *United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir. 2002). Such a waiver is distinguishable "from a situation in which a party fails to make a timely assertion of a right—what courts typically call a 'forfeiture,'" *id*. (quoting *Olano*, 507 U.S. at 733), which, as noted above, may be reviewed on appeal for plain error. *Olano*, 507 U.S. at 733-34. "By contrast,

2

waiver is intentional, and extinguishes an error so that there is no review, because the defendant has knowingly and personally given up the waived right." *United States v. Laslie*, 716 F.3d 612, 614 (D.C. Cir. 2013) (internal quotation marks and citation omitted).

Here, Heyward raised, and then withdrew, an objection to the § 2D1.1(b)(1) enhancement. Heyward has therefore waived appellate review of the firearm enhancement. Accordingly, we affirm the judgment of the district court.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Heyward, in writing, of the right to petition the Supreme Court of the United States for further review. If Heyward requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Heyward. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*