*United States v. Crisler*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-five.

PRESENT:

SUSAN L. CARNEY,
RICHARD J. SULLIVAN,
EUNICE C. LEE,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                                                                          No. 22-2688

JARRETT CRISLER, JR., AKA Jayecee, NAYA AUSTIN, AKA Baby, BRINAE THORNTON, AKA Luxury,

     *Defendants-Appellants*,

DWIGHT REID, AKA Dick Wolf, CHRISTOPHER ERSKINE, AKA Beagle, WALTER LUSTER, AKA Shells, DESHAWN THOMAS, AKA Don, BRANDON NIEVES, AKA Untouchable Dot, AHMED WALKER, AKA Ammo, BRANDON SOTO, AKA Stacks, DEZON WASHINGTON, AKA Blakk, ROBERT WOODS, AKA Blakk Rob, STEPHEN HUGH, AKA Chino, JORDAN INGRAM, AKA Flow, SHANAY OUTLAW, AKA Easy, ISAIAH SANTOS, AKA Zay, ROBERTA SLIGH, AKA Trouble, JAMAL TRENT, AKA Trap Smoke, DONAVAN GILLARD, AKA Donnie Love, CASWELL SENIOR, AKA Casanova,

*Defendants.*

_____

| | |
|---|---|
| **For Defendant-Appellant Jarrett Crisler, Jr.:** | Matthew Brissenden, Matthew Brissenden, P.C., Garden City, New York. |
| **For Appellee:** | David R. Felton, Courtney Heavey, Shiva Logarajah, Kathryn Wheelock, James Ligtenberg, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 4, 2022 judgment of the district court is **AFFIRMED**.

Jarrett Crisler, Jr. ("Crisler"), a leader of a violent street gang in Florida, appeals from a judgment of conviction following his guilty plea to one count of using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and one count of conspiring to traffic firearms in violation of 18 U.S.C. § 371. The district court principally sentenced Crisler to a term of 207 months' imprisonment to be followed by three years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I. Whether the District Court Erred in Accepting Crisler's Guilty Plea.

Crisler contends that the district court erred when it accepted his guilty plea to the section 924(c) count on the ground that the predicate offense underlying that charge – a violent crime in aid of racketeering ("VICAR") charge, *see* 18 U.S.C. § 1959(a), based on attempted murder and aggravated battery with a deadly weapon under Florida law – does not qualify as a "crime of violence" under section 924(c). *See id.* § 924(c)(3) (defining "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force").

3

Crisler acknowledges that he did not raise this objection below, so we review his challenge for plain error. *See United States v. Dussard*, 967 F.3d 149, 155 (2d Cir. 2020).

Although the parties spill much ink disputing whether Crisler waived his right to challenge his section 924(c) conviction, *see Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989) (stating "[t]he settled rule . . . that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings"), the point is now largely moot in light of recent precedents from our Court and the Supreme Court that have resolved Crisler's legal argument. Indeed, Crisler "conceded[]" that attempted murder in aid of racketeering is a crime of violence under our decision in *United States v. Pastore*, 83 F.4th 113, 121–21 (2d Cir. 2023). Crisler Br. at 18. And while he proposed that we hold this case in abeyance until the Supreme Court addressed this issue in *Delligatti v. United States*, the Supreme Court has now done so, clarifying that, even though murder may theoretically be committed "by omission [of a legal duty] rather than affirmative act," attempted murder still qualifies as a crime of violence for purposes of section 924(c). 145 S. Ct. 797, 805 (2025). Accordingly, even if not waived, Crisler's challenge to his section 924(c) conviction is meritless.

**II. Whether the District Court Erroneously Applied a Four-Level Enhancement Under Section 2K2.1(b)(6)(B).**

Crisler also contends that the district court erred by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) – the applicable Guideline for the firearms trafficking count – based on Crisler's use of a firearm "in connection with another felony offense."   Crisler argues that the enhancement was predicated on the same underlying conduct as his section 924(c) conviction – namely, his use of a firearm to shoot two individuals at a nightclub in Miami – and thus the enhancement constituted impermissible double-counting.

But Crisler expressly stipulated to the application of this enhancement in his plea agreement.   *See* App'x at 58–59 ("[T]he parties hereby stipulate t[hat] . . . [p]ursuant to [section] 2K2.1(b)(6)(B), because the defendant used or possessed a[] firearm in connection with another felony offense, an additional 4 points are added.").   He also expressly stated in his sentencing submission that section 2K2.1(b)(6)(B) applied.   *See id.* at 105.   And he did not object to the enhancement's inclusion in his Presentence Investigation Report ("PSR") at sentencing.   PSR ¶ 94; App'x at 147–50.   The law is clear that when a defendant repeatedly represents to the sentencing court that a sentencing enhancement is applicable, any subsequent challenge to the application of that enhancement has

been relinquished. *See United States v. DeJesus-Concepcion*, 607 F.3d 303, 305 (2d Cir. 2010); *United States v. Jackson*, 346 F.3d 22, 24 (2d Cir. 2003). Because Crisler made "a tactical decision" to stipulate to this enhancement "in order to procure a perceived sentencing benefit" – the dismissal of five open counts that would have significantly increased his sentencing exposure – his failure to "raise[] [an] objection" to the application of section 2K2.1(b)(6)(B) "negate[s] even plain error review." *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) (internal quotation marks omitted).

Even under plain error review, however, Crisler's challenge to the Guidelines calculation would fail. Crisler acknowledges that the enhancement applies not only when the defendant himself uses a firearm in connection with a felony offense, but also where he "possessed or transferred any firearm . . . *with knowledge, intent, or reason to believe* that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) (emphasis added). At sentencing, the district court described how Crisler "armed other [gang] members and leaders with extremely dangerous firearms," "including assault-rifle-style weapons" and "guns with silencers," "for at least a period of eleven months." App'x at 164. This, in turn, "helped other violent gang

6

members arm . . . themselves for acts of violence" and drug trafficking. *Id.* As set forth in the PSR, which the district court adopted in full, the gang members Crisler armed had been "charged with a litany of crimes committed in furtherance of their joint enterprise . . . includ[ing] racketeering conspiracy, a large-scale narcotics conspiracy, firearms offenses, fraud, and, significantly, several acts of violence [such as] . . . a murder, two attempted murders, two gunpoint drug-related robberies, and a brutal slashing." PSR ¶ 37.

Because the district court made independent findings that supported the four-level enhancement under section 2K2.1(b)(6)(B), we cannot say that the district court plainly erred in applying it to Crisler. *See United States v. Esteras*, 102 F.4th 98, 109 (2d Cir. 2024) (concluding "any error was far from plain" given that facts in PSR supported application of the challenged enhancement).

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court