07-5518-cr
United States v. Potes-Castillo (Gonzalez-Rivera)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

_____

August Term, 2008

(Argued: January 12, 2009                    Decided: March 14, 2011)

Docket No. 07-5518-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

JOHNNY POTES-CASTILLO, JORGE VALENCIA, JUAN LOPEZ, MARTHA BOHORQUEZ, ANA
PATRICIA CORTES-VARGAS, CARLOS A. MERA AND SONIA DIAZ,

*Defendants*,

WALTER GONZALEZ-RIVERA,

*Defendant-Appellant*.

_____

B e f o r e :

STRAUB and HALL, *Circuit Judges*, and UNDERHILL, *District Judge*.[*]

_____

_____

[*] Stefan R. Underhill, of the United States District Court for the District of Connecticut,
sitting by designation.

Walter Gonzalez-Rivera appeals his sentence, which was imposed after the United States District Court for the Southern District of New York (Kimba M. Wood, *then-Chief Judge*) counted toward his criminal history calculation Gonzalez-Rivera's prior sentence for violating New York's law prohibiting driving while ability impaired. We hold that the prior sentence may be excluded under U.S.S.G. § 4A1.2(c)(1). Accordingly, the case is remanded for a resentencing consistent with this opinion.

————————

GARY G. BECKER, GARY G. BECKER L.L.C., New York, NY, *for Defendant-Appellant*.

RITA M. GLAVIN, Assistant United States Attorney (Kevin R. Puvalowski, Assistant United States Attorney, *of counsel*), *for* Michael J. Garcia, United States Attorney's Office for the Southern District of New York, *for Appellee*.

————————

UNDERHILL, *District Judge*:

This appeal raises the question whether a conviction for driving while ability impaired in violation of New York law must categorically be counted when calculating a defendant's criminal history score. Because we conclude that Walter Gonzalez-Rivera's prior sentence for violating New York's driving while ability impaired law should not be counted toward his criminal history calculation if it is similar to an offense listed in United States Sentencing Guidelines section 4A1.2(c)(1), we remand to the District Court for determination in the first instance whether Gonzalez-Rivera's conviction is similar to careless or reckless driving.

I.    Background

Gonzalez-Rivera appeals from a sentence of 188 months' imprisonment imposed by the United States District Court for the Southern District of New York (Kimba M. Wood, *then-Chief Judge*) following a jury verdict finding him guilty of conspiracy to distribute a controlled substance. The District Court held a series of sentencing hearings and ultimately sentenced Gonzalez-Rivera on November 20, 2007.

2

At the time of sentencing, Gonzalez-Rivera had one prior conviction, for driving while ability impaired by alcohol in violation of New York Vehicle and Traffic Law § 1192(1). That offense is treated as a "traffic infraction" by the state, and is punishable by a maximum fine of $500 and up to fifteen days' imprisonment. N.Y. Veh. & Traf. Law § 1193(1). In May 2004, Gonzalez-Rivera was sentenced to a one-year "conditional discharge," and was required to pay a $500 fine.

During his sentencing hearings, Gonzalez-Rivera argued that his prior conviction should not be counted toward his criminal history score under the Sentencing Guidelines because it was similar to careless or reckless driving, one of the offenses listed in U.S.S.G. § 4A1.2(c)(1). The government argued that the prior sentence must be counted because Application Note 5 to section 4A1.2(c) and three prior decisions of this Court required that the sentence be counted. Judge Wood acknowledged that Application Note 5 is "somewhat strangely worded" and that she would likely rule in Gonzalez-Rivera's favor on the issue had she not felt bound by prior decisions of this Court.

In the end, Judge Wood did count the prior sentence, which she assigned one criminal history point. As a result of the fact that the charged conspiracy began before May 2004 and continued beyond that date, she also assigned Gonzalez-Rivera two points for committing the instant offense "while under a[] criminal justice sentence," U.S.S.G. § 4A1.1(d), i.e., while "serving" his conditional discharge. *See United States v. Ramirez*, 421 F.3d 159, 165-66 (2d Cir. 2005) (noting that "probation" and "conditional discharge" are generally synonymous for purposes of calculating criminal history). The resulting three criminal history points placed Gonzalez-Rivera in criminal history category II. Although the District Court departed from that criminal history category pursuant to section 4A1.3, because Gonzales-Rivera was placed in criminal history II prior to that departure, by operation of section 4A1.3(b)(3)(B) he remained ineligible for a sentence less than the mandatory minimum ten years' imprisonment and

3

ineligible for a two-point reduction in his offense level pursuant to the safety valve provision of the Sentencing Guidelines. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

Gonzalez-Rivera timely appealed, raising two issues concerning the calculation of his Sentencing Guideline range. We address substantively only the calculation of Gonzalez-Rivera's criminal history category.[1]

II.     Discussion

We review the sentencing court's interpretation of the Sentencing Guidelines *de novo*, but review its related findings of fact only for clear error. *United States v. Fiore*, 381 F.3d 89, 92 (2d Cir. 2004). The *de novo* standard applies to our consideration of the proper interpretation of U.S.S.G. § 4A1.2(c).

A.     The Text and Structure of Section 4A1.2(c)

Chapter 4, Part A, Subpart 1 of the Sentencing Guidelines governs calculation of a defendant's criminal history score. Criminal history points are accumulated when prior sentences meet qualifying criteria but do not also satisfy exclusionary criteria. Qualifying criteria include, among others, the nature of the offense (e.g., felony or misdemeanor, section 4A1.2(c)), the length of imprisonment imposed (e.g., sentences exceeding 13 months and those not, section 4A1.1(a)), and the timing of the commission of the instant offense (e.g., while on probation or supervised release, section 4A1.1(d)). Exclusionary criteria are numerous and include, among others, the nature of the offense (e.g., fish and game violations, § 4A1.2(c)(2)), the age of the conviction (e.g., misdemeanor conviction imposed more than ten years prior to

---

[1] Gonzalez-Rivera also argues that the District Court imposed a two-level increase in his offense level calculation for obstruction of justice without making findings of fact necessary to support that increase. In light of our ruling that this case must be remanded for resentencing, this issue is essentially moot. Gonzalez-Rivera will be resentenced and the obstruction of justice enhancement will either be imposed at that time or it will not. If the District Court again imposes the enhancement, we urge the Court to make sufficient findings of fact to enable review of the issue on any further appeal.

commencement of the instant offense, § 4A1.2(e)(2)), and the identity of the court imposing the sentence (e.g., sentences imposed by foreign tribunals, § 4A1.2(h)).  Exclusions trump qualifying criteria.  Thus, for example, although all felonies are counted, felonies that are more than fifteen years old are omitted from the criminal history calculation.  As the Commentary to this subpart of the Guidelines repeatedly states, "[c]ertain prior sentences are not counted or are counted only under certain conditions."  U.S.S.G. § 4A1.1, Application Notes 1, 2, & 3.

Section 4A1.2(c) of the Sentencing Guidelines follows the same general approach as the subpart, identifying qualifying and exclusionary criteria used by the sentencing court to determine whether a prior sentence is included or excluded from the criminal history calculation.  The section addresses which sentences "are counted"[2] by classifying all prior convictions into three groups based on the nature of the crime of conviction for which the sentence was imposed: (1) sentences that "are counted," U.S.S.G. § 4A1.2(c); (2) those that "are counted" subject to possible exception, *id.* § 4A1.2(c)(1); and (3) those that are "never counted," *id.* § 4A1.2(c)(2).

The first group of sentences – those always counted –  includes all felonies.  Regardless of the nature of the conduct underlying the felony, it is counted – and felonies are the only class of sentences always counted under this section.  *Id.* § 4A1.2(c) ("Sentences for all felony offenses are counted.").

The second group of sentences – those counted unless an exception applies – includes all misdemeanor and petty offenses.  Sentences for the offenses listed in section 4A1.2(c)(1) "and

---

[2] Obviously, the fact that particular sentences "are counted" within the meaning of section 4A1.2(c) does not mean that a defendant convicted of such offenses will necessarily receive criminal history points for those sentences.  Other provisions of the Guidelines may direct the sentencing court not to assign points to the sentences for a variety of reasons, including that multiple sentences should be treated as a single sentence, § 4A1.2(a)(2), the sentence was imposed outside the applicable time frame, § 4A1.2(e), or the conviction underlying the sentence was expunged, § 4A1.2(j).  In a meaningful sense, therefore, the phrase "are counted" in section 4A1.2(c) means "are countable."

offenses similar to them, by whatever name they are known," are counted "only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to" an offense for which the defendant is now being sentenced. *Id.* § 4A1.2(c)(1). Thus, misdemeanor and petty offenses of the type listed in section 4A1.2(c)(1) are excluded provided, among other things, that the sentences imposed were not too severe. The list of offenses that are not counted unless one of the specified conditions applies includes "[c]areless or reckless driving." *Id.*

The third group of sentences – those never counted – includes a list of specified minor offenses. Sentences for the offenses listed in section 4A1.2(c)(2) "and offenses similar to them, by whatever name they are known," are "never counted." *Id.* § 4A1.2(c)(2). Thus, unlike the offenses listed in section 4A1.2(c)(1), sentences for offenses listed in section 4A1.2(c)(2) are not counted, regardless of the severity of the sentence imposed for such a conviction and regardless of any similarity between the listed offense and the offense for which the defendant is being sentenced. The list of offenses that are never counted includes "[m]inor traffic infractions (e.g., speeding)." *Id.*

B. The Impact of Application Note 5

Because Gonzalez-Rivera's prior sentence is for a traffic infraction for which he received no term of imprisonment, one might expect him to argue that the text of section 4A1.2(c)(2) requires that the sentence be excluded from the criminal history computation as a "minor traffic infraction." Gonzalez-Rivera does not make that argument, however, acknowledging that Application Note 5 to section 4A1.2(c) expressly precludes it. That application note provides:

> 5. Sentences for Driving While Intoxicated or Under the Influence.— Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted. Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c).

6

The plain language of the Application Note precludes a good faith argument that a driving while ability impaired conviction is a minor traffic infraction within the meaning of section 4A1.2(c)(2); the Application Notes uses the precise term, "minor traffic infractions," appearing in the list of excludable offenses in section 4A1.2(c)(2). Moreover, three decisions of this Court clearly hold that, as a result of Application Note 5, a conviction such as Gonzalez-Rivera's is not excluded as a minor traffic infraction. *United States v. Loeb*, 45 F.3d 719 (2d Cir.), *cert. denied*, 514 U.S. 1135 (1995); *United States v. Moore*, 968 F.2d 216 (2d Cir.), *cert. denied*, 506 U.S. 980 (1992); *United States v. Jakobetz*, 955 F.2d 786 (2d Cir.), *cert. denied*, 506 U.S. 834 (1992).

Thus, the principal disagreement between the parties to this appeal is not whether the driving while ability impaired sentence should be excluded under section 4A1.2(c)(2), but whether the language of Application Note 5 forecloses the possibility that the exception set forth in section 4A1.2(c)(1) might apply. It is that question we take up now.

C. Applicability of Section 4A1.2(c)(1) to Driving While Impaired Offenses

Read as a whole, Application Note 5 to section 4A1.2(c) is ambiguous. It can mean that, like felonies, driving while ability impaired sentences are always counted, without possibility of exception. That reading renders the second sentence of the Application Note meaningless. It can also be read as setting forth the direction that driving while ability impaired sentences must not be treated as minor traffic infractions or local ordinance violations and excluded under section 4A1.2(c)(2). For the reasons set forth below, we conclude that the second reading is correct.

The first sentence of Application Note 5 provides that: "Convictions for driving while intoxicated or under the influence . . . are counted." Both parties implicitly ask us to read additional language into that sentence. The government would have us interpret it to mean: "Convictions for driving while intoxicated or under the influence . . . are counted [without exception]." Gonzalez-Rivera would have us interpret it to mean: "Convictions for driving

7

while intoxicated or under the influence . . . are counted [unless an exception applies]." The essential difference between these two views is that the government wants driving while impaired convictions treated like felonies (counted without exception) and Gonzalez-Rivera wants such convictions treated like all other misdemeanors and petty offenses (counted unless an exception applies).

We cannot accept the government's interpretation of Application Note 5 for two reasons. First, we reject the government's reading because it is inconsistent with the text of the Guideline section, while the defendant's reading is not. The Supreme Court has noted that Sentencing Guidelines "commentary explains the guidelines and provides concrete guidance as to how even unambiguous guidelines are to be applied in practice." *Stinson v. United States*, 508 U.S. 36, 44 (1993). There is no question that "the interpretations of the guidelines contained in the commentary represent the most accurate indications of how the Commission deems that the guidelines should be applied" because "[t]he Commission, after all, drafts the guidelines as well as the commentary." *Id.* at 45. However, commentary is not "binding in all instances," including if it is inconsistent with the Guideline section it interprets. *Id.* at 43.

The government's reading of Application Note 5 is that it removes DWAI offenses from the category of "misdemeanor and petty offenses," where DWAI would appear to reside on the face of section 4A1.2(c), and creates a new category of alcohol-related driving offenses that, like felonies, are always counted. However, in the absence of Application Note 5, it would be plainly inconsistent with section 4A1.2(c) to argue that DWAI offenses, although they are "misdemeanor [or] petty offenses," are always counted and can never fit within the exclusion explicitly provided in section 4A1.2(c)(1). We simply see no part of the Guideline section, ambiguous or unambiguous, that is consistent with the government's interpretation of Application Note 5.

8

The defendant's reading, on the other hand, interprets Application Note 5 to recognize that DWAI offenses "are counted"—like all other "misdemeanor and petty offenses" that "are counted" unless an exception provided in section 4A1.2(c)(1) applies—and to further provide that the "minor traffic infraction" exception is not available. This reading, unlike the government's, presents no conflict with the text of the Guideline section and, therefore, pursuant to *Stinson*, remains the "most accurate indication" of how to apply the Guideline. 508 U.S. at 45.

Second, we cannot accept the government's reading of Application Note 5 because it completely ignores the existence and effect of the second sentence of the Application Note. That sentence provides: "Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c)." If driving while impaired sentences were counted without exception, it would be unnecessary to identify one of the potential exceptions and eliminate it. Thus, the government's reading of the Application Note renders the second sentence entirely superfluous. Accordingly, that interpretation violates the "cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotations omitted); *United States v. Savin*, 349 F.3d 27, 35-36 (2d Cir. 2003) (holding that traditional principles of statutory construction apply to the Sentencing Guidelines and its interpretive or explanatory commentary).

Interpreted as the defendant urges, section 4A1.2(c) ensures that, if driving while impaired offenses are similar to any offenses listed in section 4A1.2(c)(1), the seriousness of the conduct in each individual case will determine whether the sentence actually counts. The exception in section 4A1.2(c)(1) takes the severity of the sentence into account in determining whether it is counted, while the exception in section 4A1.2(c)(2) does not. If the conduct of conviction was serious enough to warrant a sentence of more than a year of probation or at least

thirty days in prison, then the section 4A1.2(c)(1) exception will not apply. If the section 4A1.2(c)(2) exception were potentially available – which all agree Application Note 5 precludes – then regardless of the severity of the sentence, a driving while impaired conviction held to be similar to an offense listed in section 4A1.2(c)(2) would not be counted.

Had the Sentencing Commission wanted to prohibit the potential application of section 4A1.2(c)(1) to driving while ability impaired convictions, it could simply have said so. It did not. Application Note 5 does not say that driving while ability impaired convictions are *always* counted. Nor did the Sentencing Commission amend the second sentence of Application Note 5 by adding a citation to section 4A1.2(c)(1) when it amended the subsection to include careless or reckless driving as a listed offense.[3] In short, we see nothing in the text of the Guideline or in the Application Note to suggest that driving while ability impaired sentences cannot be excluded from the criminal history calculation if they are similar to "careless or reckless driving" and if the other provisions of section 4A1.2(c)(1) do not preclude exemption.

Nor do our prior decisions require a different result. Indeed, the question whether a driving while impaired conviction can qualify for exemption from counting under section 4A1.2(c)(1) is an issue of first impression in this Circuit. Although one of our decisions contains fairly sweeping statements about the meaning of Application Note 5, those statements are merely dicta. Thus, in *Jacobetz*, we wrote: "The commission's decision to count prior DWI convictions and related offenses like Jakobetz's DWAI charge reflects the commission's determination that DWI offenses are of sufficient gravity to merit inclusion in the defendant's criminal history, however they might be classified under state law." 955 F.2d at 806. That statement does not bear on the narrow issue raised by Jakobetz, which was whether "the DWAI conviction

---

[3] "Careless or reckless driving" was added to the listed offenses in section 4A1.2(c)(1) in 1990, U.S.S.G. Amendment 352, while Application Note 5 was adopted in the original Guidelines Manual in 1987.

10

constituted a 'minor traffic infraction' inappropriate for consideration under the guidelines." *Id.* at 805. Accordingly, we do not read *Jakobetz* as having decided the issue raised by this appeal. Similarly, the two other decisions of this court relied upon by the government fail to hold anything more than that a driving while ability impaired conviction is not a "minor traffic infraction" within the meaning of section 4A1.2(c)(2) and therefore must be counted like any other misdemeanor or petty offense.[4] *See Loeb*, 45 F.3d at 722 ("Because Loeb's conviction for driving while his ability was impaired falls within the applicable time period and is not a minor traffic infraction, we find that the district court properly counted it towards his criminal history calculus.") (citation omitted); *Moore*, 968 F.2d at 225 ("Because Donahue's DWAI convictions are not 'minor traffic infractions' under the Guidelines, they should have been taken into account in determining Donahue's Criminal History Category.").

We find nothing in the text of section 4A1.2(c), Application Note 5 to that section, or our prior decisions that precludes consideration of a conviction for driving while ability impaired against the criteria set forth in section 4A1.2(c)(1). We hold that driving while ability impaired convictions should be treated like any other misdemeanor or petty offense, except that they cannot be exempted under section 4A1.2(c)(2). Thus, because Gonzalez-Rivera's conviction was not a felony, the District Court erred by failing to apply section 4A1.2(c)(1) when calculating Gonzalez-Rivera's criminal history category.

---

[4] We acknowledge that other circuits have adopted the government's reading of Application Note 5. *See United States v. Pando*, 545 F.3d 682, 683-85 (8th Cir. 2008); *United States v. Thornton*, 444 F.3d 1163, 1165-67 (9th Cir.), *cert. denied*, 549 U.S. 901 (2006); *United States v. LeBlanc*, 45 F.3d 192, 195 (7th Cir. 1995); *United States v. Deigert*, 916 F.2d 916, 918 (4th Cir. 1990) (decided prior to amendment to § 4A1.2(c)(1) adding "careless or reckless driving" to listed offenses). These decisions do not counter our view that such an interpretation is inconsistent with the text of the Guideline section and also inappropriately renders the second sentence of Application Note 5 superfluous. Accordingly, we respectfully find them unpersuasive.

D.  Application of Section 4A1.2(c)(1)

We leave to the District Court to decide in the first instance whether Gonzalez-Rivera's conviction should be counted or excluded under section 4A1.2(c)(1) and how that determination might affect Gonzalez-Rivera's sentencing.  We do note that Gonzalez-Rivera's sentence on the driving while ability impaired conviction was not more than one year of probation or imprisonment for at least thirty days, and his prior offense is not similar to his drug distribution conspiracy convictions.  Thus, neither condition (A) nor (B) of section 4A1.2(c)(1) applies, and the issue for the District Court to decide on remand is whether Gonzalez-Rivera's conviction is "similar to" a conviction for "careless or reckless driving."

In applying section 4A1.2(c)(1), the District Court's goal will be to determine whether Gonzalez-Rivera's DWAI offense "is categorically more serious than," *United States v. DeJesus-Concepcion*, 607 F.3d 303, 304 (2d Cir. 2010) (per curiam) (internal quotation marks omitted), careless or reckless driving.  "A district court may consider multiple factors in making its determination, including: [1] a comparison of punishments imposed for the listed and unlisted offenses, [2] the perceived seriousness of the offense as indicated by the level of punishment, [3] the elements of the offense, [4] the level of culpability involved, and [5] the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct."  *Id.* at 305 (alterations in original) (internal quotation marks omitted); *see also* U.S.S.G. § 4A1.2 cmt. n.12(A).  "It may also consider any other relevant factor, including the actual conduct involved and the actual penalty imposed."  *DeJesus-Concepcion*, 607 F.3d at 305 (internal quotation marks omitted).

III.    Conclusion

We hold that non-felony driving while ability impaired sentences should be treated like any other misdemeanor or petty offense sentences not excluded by section 4A1.2(c)(2).  Such

sentences are counted in the criminal history calculation unless section 4A1.2(c)(1) operates to exclude the particular sentence at issue.

Because the District Court failed to consider whether Gonzalez-Rivera's sentence should be counted or excluded under section 4A1.2(c)(1), we remand for a resentencing consistent with this decision.