11-2282-cr
United States v. Delossantos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

Present:
        CHESTER J. STRAUB
        ROBERT D. SACK
        ROBERT A. KATZMANN,
                *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                v.                                    No. 11-2282-cr

ALEXIS DELOSSANTOS, aka John Doe, aka Lexi, aka Alexis

        *Defendant-Appellant*.

_____

For Defendant-Appellant:        Michele Hauser, New York, N.Y.

For Appellee:                   H. Gordon Hall, Sandra S. Glover, Assistant United
                                States Attorneys, *for* David B. Fein, United States
                                Attorney for the District of Connecticut.

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Alexis Delossantos appeals a May 23, 2011 judgment of conviction entered by the United States District Court for the District of Connecticut (Hall, *J.*) following his guilty plea to possession with the intent to distribute 500 grams or more of cocaine and conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846. The district court sentenced Delossantos to, principally, 60 months' imprisonment, which was based, in part, on the court's imposition of a two-level enhancement for obstruction of justice in its calculation of the recommended sentencing range under the United States Sentencing Guidelines (the "Guidelines range"). We presume the parties' familiarity with the facts and procedural history of this case.

"We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard." *United States v. Hernandez*, 604 F.3d 48, 52 (2d Cir. 2010). This review "encompasses two components: procedural review and substantive review." *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court "commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190 (internal citations omitted).

We "review the sentencing court's interpretation of the Sentencing Guidelines *de novo*, but review its related findings of fact only for clear error." *United States v. Potes-Castillo*, 638

2

F.3d 106, 108 (2d Cir. 2011).  Accordingly, "[w]e apply a mixed standard of review to obstruction-of-justice enhancements in sentencing," in which we "review[] for clear error the sentencing court's [factual] findings" such as "what acts were performed, what was said, what the speaker meant by [his] words, and how a listener would reasonably interpret those words," but review *de novo* the sentencing court's "ruling that the established facts constitute obstruction . . . under the Guidelines." *United States v. Bliss*, 430 F.3d 640, 646 (2d Cir. 2005) (internal quotation marks omitted).  Under the clear error standard, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

The law is clear that "where a defendant willfully fails to appear for a judicial proceeding," he obstructs justice.  *United States v. Feldman*, 647 F.3d 450, 464 (2d Cir. 2011); *see also* U.S.S.G. § 3C1.1, Cmt. n.4(E) (including, as an example of obstruction of justice that triggers the sentencing enhancement, "willfully failing to appear, as ordered, for a judicial proceeding").  To impose an offense level enhancement for obstruction of justice, "the district court must make a finding that the defendant had a specific intent to obstruct justice." *United States v. Carty*, 264 F.3d 191, 194 (2d Cir. 2001) (per curiam) (internal quotation marks and citations omitted).  In determining whether this intent exists, the court may "rely on circumstantial evidence and on all reasonable inferences that may be drawn from all of the evidence." *United States v. Cassiliano*, 137 F.3d 742, 747 (2d Cir. 1998).  "The facts necessary to support an obstruction of justice enhancement need to be proven only by a preponderance of the evidence." *Carty*, 264 F.3d at 194.

3

Here, Delossantos argues that the district court reached the clearly erroneous factual conclusion that he "willfully" obstructed justice, thereby committing procedural error, because the record evidence compelled it to find that he was unaware of his scheduled sentencing date at the time he fled the country. This is wholly unconvincing. As an initial matter, defense counsel below conceded that Delossantos was aware of his impending July 10, 2007 sentencing date when he fled the United States on July 2, 2007. *See* J.A. 79 (stating "I'm sure he knew about July 10"); *id* at 116 (stating that "he would certainly have known" about the July 10 date). Moreover, the district court reasonably refused to credit Delossantos's own assertion that he was unaware of the date, given that he also claimed to not have been aware of the original June 14, 2007 sentencing date even though that date was scheduled in open court immediately after he entered his guilty plea, *see id.* at 57.

Delossantos next argues that, even if he knew there was a July sentencing date, this does not support an inference that he wilfully fled to avoid sentencing because, before his flight, his defense counsel had prepared a motion to continue sentencing until after September 15, 2007. This is similarly unconvincing. Even if Delossantos knew that his counsel had prepared such a motion before he fled on July 2, 2007, it is undisputed that the motion was not granted until July 3, 2007, the day *after* he fled the country. Moreover, the motion was not to suspend sentencing indefinitely, but to a date after September 15, 2007. Accordingly, in granting the motion, the district court simultaneously re-scheduled sentencing for September 18, 2007, and Delossantos remained under an obligation to appear on that date. Instead, he remained in the Dominican Republic for several years to avoid sentencing, and -- as reasonably found by the district court -- made no attempt whatsoever to contact federal authorities or his defense counsel during that time. This is willful obstruction of justice.

We have considered Delossantos's other arguments on appeal and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK