15-3912-cr
United States v. Valente

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand seventeen.

PRESENT:
>PETER W. HALL,
>DEBRA ANN LIVINGSTON,
>CHRISTOPHER F. DRONEY,
>    *Circuit Judges*.

_____

United States of America,

>*Appellee*,

>v.                                                          No. 15-3912-cr

Scott Valente,

>*Defendant-Appellant.*

_____

FOR APPELLANT:                    BRUCE R. BRYAN, ESQ., Syracuse, NY.

FOR APPELLEE:                     STEVEN D. CLYMER, Richard D. Belliss on the brief, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

_____

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the matter is **REMANDED** for resentencing consistent with the decision set forth below.

Defendant-Appellant Scott Valente appeals from the district court's sentence of 240 months' imprisonment imposed following his conviction by way of a guilty plea to securities fraud, mail fraud, and obstructing and impeding the due administration of internal revenue laws. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the sentencing court's interpretation of the Sentencing Guidelines de novo, but review its related findings of fact only for clear error." *United States v. Potes-Castillo*, 638 F.3d 106, 108–09 (2d Cir. 2011) (citing *United States v. Fiore*, 381 F.3d 89, 92 (2d Cir. 2004)).

### I. Criminal History Score for DWAI Offenses

The Defendant contends that the district court erred in counting several of his driving while ability impaired ("DWAI") convictions in calcuating his criminal history score. In making this argument, he relies on our opinion in *Potes-Castillo*, *id.* at 113–14, where we held that the district court must apply the modified categorical approach set forth in several of our prior opinions to determine the category under United States Sentencing Guidelines § 4A1.2(c) into which a defendant's DWAI sentence falls, and hence how many criminal history points are properly assessed under that provision. *See also United States v. DeJesus-Concepcion*, 607 F.3d 303, 304–05 (2d Cir. 2010) (per curiam). The government argues that *Potes-Castillo* is no longer controlling because the Sentencing Commission revised the relevant application note to override our decision in that case. *See* U.S.S.G. § 4A1.2, Application Note 5; *id.* app. C, amend. 766. The Defendant counters that, because *Potes-Castillo* suggested that "no part of the Guideline section . . . is

2

consistent with the government's interpretation of Application Note 5," 638 F.3d at 111, the deference rubric set forth in *Stinson v. United States*, 508 U.S. 36 (1993), requires us to hold that *Potes-Castillo* is still binding law, *see Stinson*, 508 U.S. at 45 (holding that the Sentencing Commission's interpretation of its own regulations "must be given controlling weight unless it is plainly erroneous or inconsistent" with the text of the relevant guideline).

We need not address the merits of these arguments here, however, because the district court appears to have assumed that *Potes-Castillo* was controlling, applied *Potes-Castillo* to the facts of the Defendant's DWAI convictions, and determined that the Defendant's conduct made his DWAI convictions "clearly more serious" than the offenses for which a criminal history point is not assessed. *See United States v. Morales*, 239 F.3d 113, 118 (2d Cir. 2000) (explaining that where a "statute punishes a range of conduct" the comparison required by the guideline "must focus on the particular conduct of the defendant"). As we explained in *Morales*, "the pre-sentence report will [often] sufficiently acquaint the sentencing judge with the circumstances of the prior offense," and, in those cases for which the particular facts of the offense prove relevant, we are required to give "due deference" to the district court's application of the guideline to the facts. *Id.*; *see also* 18 U.S.C. § 3742(e) ("The court of appeals . . . shall give due deference to the district court's application of the guidelines to the facts."). Affording the district court such deference here, we find no error in its determination that, under the analysis required by *Potes-Castillo*, certain of the Defendant's DWAI convictions were categorically more serious than careless or reckless driving. *See* 638 F.3d at 113. We therefore affirm the district court's assessment of a criminal history point for each of these DWAI convictions and its decision to count them in calculating the Defendant's criminal history.

3

## II.  Criminal History Score for Interlock Offense

The district court adopted the PSR's scoring of the Defendant's conviction for use of a vehicle without an interlock, assessing one criminal history point for that conviction. However, as we have just explained, in ruling on whether a criminal history point should be assessed for an offense arguably similar to those listed in Guideline § 4A1.2(c), the district court's determination must incorporate an analysis of whether the defendant's instant offense was categorically more serious than the offense listed in Guideline § 4A1.2(c). *See Morales*, 239 F.3d at 117-18. Here, the district court did not address the key issue of whether the interlock offense is categorically more serious than the paradigm offenses listed in Guideline § 4A1.2(c). And, in light of the circumstances of this case, we cannot conclude that the PSR's scoring of the interlock offense was sufficient to support the district court's assessment of the criminal history point. Accordingly, we remand the matter for resentencing to afford the district court an opportunity to consider more fully in the first instance the parties' arguments on this issue.

## III.  Criminal History Score for Recidivist DWAI Offense

The district court assigned two criminal history points for the Defendant's sentence for his recidivist DWAI offense. With regard to this offense, the Defendant was sentenced to a term of imprisonment, but, as of the time of sentencing, had not been required to serve the term imposed. The Defendant argued at sentencing that this was effectively a suspended sentence and that, in accordance with Guideline § 4A1.2(a)(3), he should only have been assessed one criminal history point for it. The government argues that the sentence was never actually suspended and the fact that it remained unenforced should not trigger the application of Guideline § 4A1.2(a)(3).

When the Defendant made this argument at sentencing, the district court stated, "I disagree

with that assessment, I believe it's appropriately scored for the reasons I've already articulated." Transcript of Sentencing Hearing at 25. After careful review of the sentencing record, we have not located any factual findings or legal analysis articulated by the district court that would support its ruling on this objection. We have also reviewed the PSR, which is of no assistance in clarifying the matter. *Compare* PSR at 66 ("Records from Albany County Probation indicate the defendant has not yet been mandated to serve the jail time due to ongoing medical issues. However, Albany City Court records do not indicate the jail time has been officially suspended or stayed.") *with* PSR at 66 ("It appears the 60 days jail time was imposed as a condition of Valente's probation which has not yet been enforced.").

For purposes of sentencing in the matter before us, the status of the Defendant's state-court sentence is an issue of determinative fact that was left unresolved. On remand, the district court should resolve this issue in the first instance.

## IV. Loss Amount

We see no grounds for disturbing the district court's adoption of the loss amount submitted by the government. The Defendant notes that the remaining assets, which included non-publicly-traded securities, are difficult to value; this is undoubtedly true, but "[t]he court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." U.S.S.G. § 2B1.1, Application Note 3(C). In the circumstances of this case, neither the inherent uncertainty in the value of the assets nor the vicissitudes of the market during the pendency of this matter can surmount that deference.

5

## V. Downward Departure

The Defendant seeks review of the district court's denial of his request for a downward departure in light of his mental, emotional, and medical condition. But "a district court's decision not to depart from the Guidelines is generally unreviewable, unless it misunderstood its authority to do so. And, in the absence of clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority, we presume that a sentencing judge understood the scope of his authority." *United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015) (internal quotation marks, citations, and alterations omitted). Here, because it is clear that the district court properly understood the scope of its authority to depart and simply chose not to do so in light of its view of the facts of the case, we need not probe farther.

## VI. Obstruction of Justice

The Defendant challenges the propriety of the two-level increase applied by the district court for obstruction of justice under Guideline § 3C1.1, arguing that his obstruction of an SEC civil investigation was not obstruction of "the investigation, prosecution, or sentencing of the instant offense of conviction" within the meaning of that Guidelines provision. This argument fails. Application Note 1 provides that "[o]bstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." The district court found that the Defendant's obstruction of the SEC civil investigation was committed with the purpose of thwarting a subsequent criminal investigation. This finding was well-supported by the evidence and certainly was not clearly erroneous. The district court did not err in imposing the obstruction of justice enhancement.

6

**VII.  Sophisticated Means Enhancement**

The Defendant protests the imposition of the sophisticated means enhancement under Guideline § 2B1.1(b)(10), arguing that his conduct was not "especially complex or especially intricate," *id.*, Application Note 9(B), but rather involved only the quantum of concealment inherent in the offenses of conviction. We reject this contention. The district court concluded that the Defendant's fabrication of sophisticated false documents relating to the status of the funds he took from his victims constituted sophisticated means. We agree and thus uphold the imposition of the sophisticated means enhancement.

**VIII.  Substantive Reasonableness**

The Defendant challenges the substantive reasonableness of the sentence, but in light of our decision to remand for resentencing, we decline to address the substantive reasonableness of the sentence imposed. *See, e.g.*, *United States v. Malki*, 718 F.3d 178, 181 (2d Cir. 2013) (per curiam) (declining to address substantive reasonableness in light of remand for resentencing).

For the reasons set forth herein, the matter is **REMANDED** to the district court for resentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk