24-1690-cr
*United States v. Blake*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-six.

Present:

> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> > *Circuit Judges*.

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                          24-1690-cr

ANDREW BLAKE,

> *Defendant-Appellant.*

| | |
|---|---|
| For Appellee: | Thomas R. Sutcliffe, Assistant United States Attorney, *for* John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Syracuse, NY |
| For Defendant-Appellant: | Georgia J. Hinde, New York, NY |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Andrew Blake appeals from a judgment entered on June 17, 2024, in the United States District Court for the Northern District of New York, following a guilty plea to one count of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The district court sentenced Blake to a term of imprisonment of 51 months, followed by three years of supervised release. Blake appeals only his sentence, and contends primarily that the district court miscalculated his advisory range in several respects under the Sentencing Guidelines. We assume the parties' familiarity with the case.

## I. Assignment of a Criminal History Point for the DWAI Offense

Blake first argues that the district court erred in assigning him a criminal history point for his New York conviction for driving a motor vehicle while ability impaired ("DWAI") by the consumption of alcohol. The district court calculated Blake's Guidelines pursuant to the 2023 Guidelines Manual. Guideline § 4A1.2(c)(1) instructs that sentences for "[c]areless or reckless driving," among other crimes, are only counted towards a defendant's criminal history score "if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." Guideline § 4A1.2(c)(2) instructs that sentences for "[m]inor traffic infractions (e.g., speeding)" or "[p]ublic intoxication," among other offenses, are never counted towards a criminal history score.

2

Application Note 5, in its present form (and in the 2023 Manual) explains that "[c]onvictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are always counted, without regard to how the offense is classified," and that "[p]aragraphs (1) and (2) of § 4A1.2(c) do not apply." In other words, the applicable version of Application Note 5 instructs that convictions for driving while under the influence—or similar offenses—are always counted towards a defendant's criminal history score regardless of the sentence imposed for the prior offense or whether the prior offense was similar to the offense at issue (as contemplated in paragraph (1) of § 4A1.2(c)), and that driving under the influence does not fall under the list of exempted convictions in paragraph (2) of § 4A1.2(c).

Blake argues that the district court should not have assigned a point to his DWAI offense in light of *United States v. Potes-Castillo*, 638 F.3d 106, 114 (2d Cir. 2011), in which we directed district courts applying § 4C1.2(c) to determine whether such an offense is "categorically more serious than" careless or reckless driving. We reached that conclusion in the context of a defendant who was sentenced under an earlier version of the Guidelines Manual, which contained a previous version of Application Note 5. Blake argues that our decision in *Potes-Castillo* still controls notwithstanding the intervening change to Application Note 5, and directs our attention to district court decisions applying *Potes-Castillo* subsequent to the change. *See United States v. Paredes*, 185 F. Supp. 3d 287, 289 (E.D.N.Y. 2016); *United States v. Walia*, No. 14-cr-213, 2016 WL 4257347, at *6–*7 (E.D.N.Y. Aug. 11, 2016); *see also United States v. Perez*, No. 24-cr-368, 2025 WL 2047829, at *5 (S.D.N.Y. July 22, 2025). The Government, by contrast, contends that the new version of Application Note 5 effectively abrogates our holding in *Potes-Castillo*, and points to an unpublished decision of our Court in support. *See United States v. Luizzi*, No. 24-2708-cr, 2025 WL 2992462, at *4 (2d Cir. Oct. 24, 2025).

We need not resolve the parties' dispute on this point. We conclude that even if Blake is correct that *Potes-Castillo* continues to govern, Blake's offense conduct satisfies the overall approach outlined in that case—most notably because his "actual conduct" (driving southbound in a northbound lane on Route 9W in Highland, New York, while intoxicated) was extremely dangerous and therefore indicates a "high level of culpability." *Potes-Castillo*, 638 F.3d at 133. Accordingly, we discern no error in the district court's assignment of a criminal history point for Blake's DWAI conviction.

## II.     Refusal to Apply a Minimal or Minor Role Adjustment

Blake next contends that the district court erred in failing to downwardly adjust his offense level by two to four points under Guideline § 3B1.2 on the ground that he was a minimal or minor participant (or something in between) in the offense conduct. The application of a mitigating role adjustment depends primarily on "the nature of the defendant's role in comparison to that of his co-participants in his criminal activity." *United States v. Alston*, 899 F.3d 135, 149–50 (2d Cir. 2018). A defendant bears the burden of establishing his entitlement to such an adjustment by a preponderance of the evidence. *United States v. Wynn*, 108 F.4th 73, 80 (2d Cir. 2024). "Whether a defendant qualifies as a minor participant is a highly fact-specific inquiry," so "we will disturb the district court's assessment only for clear error." *United States v. Esteras*, 102 F.4th 98, 107 (2d Cir. 2024).

Blake argues that his "observed conduct" suggests that his role in the offense was at worst a "modest one," and that the district court erred by failing to apply an adjustment and by failing to explain on the record why it rejected Blake's arguments to the contrary. Br. at 25, 26. According to Blake, he is less culpable than his co-defendant, who personally negotiated the drug transactions with the Government's confidential source. Instead, Blake asserts that his "role in the offense

4

might reasonably be classified as that of a courier," Br. at 26, so we should look to Application Note 3(A) of Guideline § 3B1.2, which states as an example that "a defendant who is convicted of a drug trafficking offense[] whose participation in that offense was limited to transporting or storing drugs . . . may receive an adjustment under this guideline."

Blake has failed to establish that the district court clearly erred by failing to find him eligible for a minor or minimal role adjustment. In his written plea agreement, Blake expressly admitted that he had engaged in an agreement with the drug buyer to sell drugs. This admission alone was sufficient to determine that Blake was more than a mere courier. *See, e.g.,* App'x at 19 (Blake and his co-defendant "*agreed* to sell two kilograms of cocaine" to a confidential source, and all three of them "*agreed* that" Blake and Brown "would transport two kilograms of cocaine from Newburgh, New York to a location near Albany, New York, where [the confidential source] would meet *them* to exchange the cocaine for payment.") (emphases added). Blake and Brown carried out this plan "as per *their agreement*" with the confidential source. *Id*. (emphasis added); *see also id*. ("[Blake] and [Brown] intended to sell this cocaine to [the confidential source].""). Based on these admissions and the record before us, we cannot conclude that Blake's involvement in the offense was clearly "limited to transporting or storing drugs" within the meaning of Application Note 3(A), and accordingly the district court did not clearly err in declining to apply any downward role adjustment.

**III.    Assignment of a Criminal History Point for the Expunged Conviction**

Blake argues that the district court erred when it assigned him a criminal history point for his since-expunged New Jersey conviction for marijuana possession. In 2021, New Jersey passed a statute—the New Jersey Cannabis Regulatory, Enforcement Assistance and Marketplace Modernization Act ("CREAMMA")—that automatically expunged certain marijuana possession

5

offenses by operation of law, including Blake's offense of possessing less than 50 grams of marijuana. *See State v. Gomes*, 288 A.3d 825, 827 (N.J. 2023). Guideline § 4A1.2(j) provides that "[s]entences for expunged convictions are not counted" towards a defendant's criminal history score. Application Note 10 explains that "[a] number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted." We have explained that because the Guidelines (with the help of Application Note 10) "do not expressly define what it means for a prior conviction to have been 'expunged,'" "we look to the language and design of the state statute, as well as its purpose." *United States v. Matthews*, 205 F.3d 544, 546 (2d Cir. 2000); *see also United States v. Beaulieau*, 959 F.2d 375, 380 (2d Cir. 1992).

Blake has forfeited review of this purported error by failing to make these arguments to the district court. Although Blake did argue that his marijuana conviction had been "vacated" by CREAMMA, App'x at 66, he did not argue in the district court that his marijuana conviction should be excluded under § 4A1.2(j), nor did he otherwise flag the complicated expungement issue for the district court. Accordingly, we review this argument for plain error. *See United States v. Rainford*, 110 F.4th 455, 475 (2d Cir. 2024).

Blake has failed to convince us that the district court erred, much less plainly. Although he correctly notes that "§ 4A1.2(j) precludes points for expunged convictions," Br. at 19, he directs us to no binding precedent that holds, one way or the other, whether CREAMMA was designed to expunge convictions within the highly technical meaning of § 4A1.2(j). Based on the arguments before us, we see no basis to disturb the district court's criminal history calculation.

## IV.    Reliance on Pending—and Since Dismissed—Charge

Paragraph 37 of Blake's PSR listed a pending charge for Criminal Obstruction of Breathing or Blood Circulation (a misdemeanor).   That paragraph also noted that when Blake was advised of an active warrant for his arrest relating to this charge, he told the Probation Office that he believed this case was dismissed.   Blake's pre-sentencing memorandum did not discuss the inclusion of the pending charge in the PSR.   At sentencing, the district court stated that it had considered the significant amount of cocaine at issue, Blake's prior convictions, and the "pending misdemeanor charge."   App'x at 84.   The district court also stated that Blake "has an active warrant out for that offense."   *Id*.   These two statements were apparently inaccurate: at the time of Blake's sentencing, the pending charge had been dismissed.

Blake argues, for the first time on appeal, that this Court should remand to the district court to correct the PSR and to permit Blake to be resentenced without consideration of the now-dismissed charge.   We decline to do so because Blake has not borne his burden of demonstrating that the district court's actions violated his substantial rights.   *See* Fed. R. Crim. Proc. 52(b).   The district court referred to the pending charge only in passing, and Blake has not challenged the accuracy of the description of the facts underlying the charge, which were listed in the PSR.

\*     \*     \*

We have considered Blake's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7