United States v. Cosmo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve,

Present:    ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
            RICHARD C. WESLEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                         11-4506

NICHOLAS COSMO,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:    Bruce R. Bryan, Syracuse, N.Y.

Appearing for Appellee:     Grace M. Cucchissi, Assistant United States Attorney (Susan Corkery and Demetri M. Jones, Assistant United States Attorneys, *on the brief*) *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Nicholas Cosmo pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of mail fraud, in violation of 18 U.S.C. § 1341. He was sentenced principally to 300 months' imprisonment. Cosmo now appeals his sentence, asserting that it was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We consider the substantive reasonableness of the sentence under an abuse of discretion standard, regardless of whether the sentence was inside or outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). "As to substance, we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted).

At the outset, we note that as part of his guilty plea, Cosmo stipulated to a Guidelines range of imprisonment of 324 to 405 months' imprisonment. The sentence Cosmo received, 300 months, was thus below the low end of the Guidelines range. While Guidelines sentences are not presumptively reasonable, in "the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Though he makes numerous arguments, Cosmo has failed to show that his below-Guidelines sentence could "not be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

Cosmo's first argument is that the district court erred in imposing consecutive sentences. We review a district court's decision to impose consecutive sentences for "abuse of discretion." *United States v. Matera*, 489 F.3d 115, 124 (2d Cir. 2007). In this case, the district court had not only the statutory authority to impose consecutive sentences, *see* 18 U.S.C. § 3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time . . . , the terms may run concurrently or consecutively . . . ."), but also a direction under the Guidelines to do so to reach the appropriate total punishment, *see* U.S.S.G. § 5G1.2(d) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law."). We likewise note that Cosmo was informed by the district court that his sentences could run consecutively for up to 40 years, the statutory maximum on each count. The district court thus did not err as a procedural matter in imposing consecutive sentences.

As to substantive reasonableness, in determining whether to impose a consecutive sentence, the sentencing court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). The district court clearly did that, and did so carefully. It may be true that the counts of conviction belong to a "single scheme," as Cosmo argues, but the Guidelines and our case law explicitly permit consecutive sentences under such circumstances. In addition, the scheme was hardly, as Cosmo suggests now, confined to two "single instance[s]" in which investors were defrauded. The court in imposing sentence on this plea was considering a multi-year Ponzi

2

scheme, undertaken by a recidivist offender who began committing the instant crime within months of finishing his previous fraud sentence. The fraud took in thousands of middle- and lower-income investors, many of whom lost pensions, college funds and homes; others simply became destitute. In light of the clear statutory and Guidelines authority, and the magnitude of Cosmo's crimes, it was not an abuse of discretion for the district court to impose consecutive sentences.

The remainder of Cosmo's arguments (e.g., his age, his gambling addiction, his good works, his family, similar sentences, his need for rehabilitation and his cooperation) essentially amount only to a list of factors a district court should have considered in imposing sentence—which, without exception, the district court in this case did. At most they are factors which could have allowed the district court to impose a different sentence. What they are not are factors which *compelled* it do so. The court appropriately considered appellant's arguments, along with the factors dictated by 18 U.S.C. § 3553; it simply reached a different conclusion than appellant about how far those arguments could take him. The district court's considered imposition of sentence in this case was well within the range of permissible decisions.

We have considered the remainder of appellant's arguments and found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk