19-4161
*United States v. Valente*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          19-4161

SCOTT VALENTE,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | MOLLY CORBETT, Assistant Federal Public Defender, *for* Lisa Peebles, Federal Public Defender's Office, Albany, NY |
| For Appellee: | RICHARD D. BELLISS & CARINA H. SCHOENBERGER, Assistant United States Attorneys, *for* Antoinette T. Bacon, United States Attorney for the Northern District of New York, Syracuse, NY |

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Scott Valente appeals from the district court's judgment of conviction and sentence of 235 months' imprisonment entered on December 5, 2019, following his plea of guilty to one count of securities fraud in violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, one count of mail fraud in violation of 18 U.S.C. § 1341, and one count of obstructing and impeding the due administration of the Internal Revenue Code in violation of 26 U.S.C. § 7212(a). This is the third time that Valente has challenged his sentence in this case, as we previously remanded to the district court to reconsider the assessment of certain criminal history points to Valente's criminal history score, *United States v. Valente*, 688 F. App'x 76 (2d Cir. 2017) ("*Valente I*"), and then remanded for the district court to re-sentence Valente under a different Guidelines range, *United States v. Valente*, 915 F.3d 916 (2d Cir. 2019) ("*Valente II*"). On this appeal, Valente challenges both the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1.     **Procedural Reasonableness**

We review Valente's procedural challenge for plain error.[1]  *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016).  "A showing of plain error requires that: '(1) there is an error; (2)

---

[1]  Valente asserts that we should review for "abuse of discretion," the standard we apply when the appellant has raised his or her specific objection to the sentence before the district court.  We disagree. At sentencing, Valente's counsel raised an "exception to the length of the sentence," App'x 184, but did not specify the grounds for her objection.  Earlier in the proceeding, moreover, Valente's counsel had argued that the district court should grant Valente a non-Guidelines sentence based on a comparison of his

2

the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights . . . ; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). Valente asserts that the district court committed procedural error by sentencing him based on the impermissible consideration that he would be unable to make restitution to his victims. We disagree.

Valente relies on a single statement by the district court during sentencing:

> The problem is, Mr. Valente, as I've said to y[ou] each time you appeared before me, while your health is an issue, while your emotional state is an issue, while I recognize restitution is an issue, you know and I know that you're not going to make restitution in this case, given the amount that's outstanding, given your age and any productivity that y[ou] have. And in any event, you cannot, in a white collar case, buy your way out of the harm that you caused the over 100 people who you defrauded.

App'x 181. Valente misinterprets the district court's statement which was made in response to Valente's request for a *below*-Guidelines sentence so that Valente could earn more money for restitution upon release. The district court declined to *reduce* Valente's sentence based on what it found to be an unpersuasive argument that Valente would be able to make restitution faster if released from prison earlier. But these remarks alone do not suggest that the district court factored Valente's inability to make restitution into his sentence. *Cf. Bearden v. Georgia*, 461 U.S. 660, 664, 670 (1983) (noting that while "a State cannot subject . . . convicted defendants to a period of imprisonment beyond the statutory maximum solely because they are too poor to pay the fine," "'nothing . . . precludes a judge from imposing on an indigent [defendant], as on any

---

case with others. While we therefore conclude that Valente raised the argument that he now makes on appeal regarding the *substantive* reasonableness of his sentence, Valente did not object to the district court's statements regarding his inability to make restitution, and thus we review only for plain error.

3

defendant, the maximum penalty prescribed by law'") (quoting *Williams v. Illinois*, 399 U.S. 235, 243 (1970)). Rather, a review of the sentencing transcript reveals that the district court based Valente's sentence solely on application of the 18 U.S.C. § 3553(a) factors.

Valente further asserts that the district court made errors in its factfinding but does not specify how these other alleged errors affected his sentence. Errors alone do not render a sentence procedurally unreasonable absent a showing that, for example, the court "select[ed] a sentence based on" such errors or that the errors caused the court to improperly calculate the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). Valente does not address how any of these additional alleged errors directly contributed to the district court's sentencing decision. Even on further examination of these supposed "mistakes," moreover, we discern no error in the district court's factfinding. Valente's sentence was thus procedurally reasonable.

## 2. Substantive Reasonableness

Valente's argument regarding the substantive reasonableness of his sentence is one that this Court has seen before: that because other courts have imposed below-Guidelines sentences in similar white collar crime cases, he too should receive a below-Guidelines sentence. *See, e.g.*, *United States v. Goffer*, 531 F. App'x 8, 23 (2d Cir. 2013). And, as before, we reiterate that even "[a]ssuming *arguendo* that some judges have chosen as a policy matter not to sentence white collar criminals to the harshest permissible punishments, this does not entitle other white collar criminals to lighter punishments than are reasonable under the Guidelines, 18 U.S.C. § 3553(a), and the totality of the circumstances of their individual case." *Id.* at 23–24.

The Guidelines, § 3553(a), and the totality of the circumstances in Valente's case lead us to conclude that the district court did not err in imposing the Guidelines range sentence of 235 months. Valente acted deliberately to defraud over 100 people, including many close friends and

4

family members, out of their life savings, spending a large amount of that money on personal expenses. Valente's criminal history, although largely comprised of alcohol-related offenses, reflects a pattern of disregard for the law and the lack of deterrent effect of more lenient forms of punishment. Moreover, the district court considered the allegedly comparable cases, and found that absent knowledge of the "unique facts and circumstances of [the other] case[s]," including the other defendants' criminal histories, personal characteristics, or the harm their conduct caused to victims, it did not find the comparable cases persuasive. App'x 179. Indeed, the existence of similar cases is a "factor[] which could have allowed the district court to impose a difference sentence," but does not "*compel[]* it [to] do so." *United States v. Cosmo*, 497 F. App'x 100, 102 (2d Cir. 2012). The district court was not compelled to do so here, and its resulting determination as to Valente's sentence was not substantively unreasonable.

\*     \*     \*

We have considered Defendant-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5